Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-205-2466
stuart@pricelawgroup.com
*Attorneys for Plaintiff, Suzie Fernandez*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUZIE FERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ARCADIA RECOVERY BUREAU, LLC.; and DOES 1 to 10, inclusive,<br><br>　　　　Defendant(s). | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>　1.　**TCPA, 47 U.S.C. § 227**<br>　2.　**RFDCPA, Cal. Civ. Code § 1788**<br><br>**(Unlawful Debt Collection Practices)** |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Suzie Fernandez ("Plaintiff"), through her attorneys, alleges the following against Defendant, Arcadia Recovery Bureau, LLC ("Defendant"):

## **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls,

restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here; therefore, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Riverside, Riverside County, California.

7. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h).*

8. Defendant is a debt collector engaged in the business of collecting third-party debt with its principal place of business located in Reading,

Pennsylvania. Defendant can be served with process through 645 Penn Street 4th Fl, Reading, PA 19601.

9. Defendant is a debt collector as that term is defined by *Cal. Civ. Code §1788.2(c)*.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

11. Defendant is attempting to collect a debt from Plaintiff.

12. In or around October of 2015, Defendant began placing calls to Plaintiff's cellular phone number 562-900-9841, in an attempt to collect an alleged debt.

13. The calls came from (800) 491-4550; upon information and belief this number is owned or operated by Defendant.

14. On or about October 27, 2015, at approximately 7:36 p.m., Plaintiff answered a collection call from Defendant originating from (800) 491-4550; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

15. Defendant informed Plaintiff that it was attempting to collect a debt.

16. Plaintiff unequivocally revoked consent to be called any further.

17. On or about October 27, 2015, at approximately 7:37 p.m., a minute after the first call, Plaintiff answered a second collection call from Defendant originating from (800) 491-4550.

18. Plaintiff unequivocally revoked consent to be called any further a second time in the same day.

19. On or about November 16, 2015 at 11:54 p.m., Plaintiff answered a third call from Defendant originating from (800) 491-4550.

20. Plaintiff unequivocally revoked consent to be contacted on her cellular telephone regarding this debt a third time.

21. Between November 3, 2015 and November 30, 2015, Defendant willfully proceeded to call Plaintiff approximately sixteen (16) times on Plaintiff's cellular phone.

22. Between December 1, 2015 and December 31, 2015, Defendant willfully proceeded to call Plaintiff approximately twelve (12) times on Plaintiff's cellular phone.

23. On January 7, 2016 Plaintiff filed for Chapter 7 Bankruptcy, case number 16-500656. Defendant was listed as a creditor in the petition.

24. Between January 1, 2016 thru January 22, 2016, Defendant willfully proceeded to call Plaintiff approximately eight (8) times on Plaintiff's cellular phone.

25. Upon information and belief, Plaintiff was called a total of thirty-six (36) times after notifying Defendant multiple times to cease all telephone calls.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or

an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

28. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)**

23. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

24. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   a) Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

b) Defendant violated Cal. Civ. Code § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances;

c) Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

    iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

25. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

### **Prayer For Relief**

**WHEREFORE**, Plaintiff, Suzie Fernandez, respectfully requests judgment be entered against Defendant, Arcadia Recovery Bureau, LLC, for the following:

A. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices act, Cal. Civ. Code §1788.30(b);

B. Statutory damages pursuant to the TCPA, 47 U.S.C. § 227;

C. Actual damages pursuant to Cal. Civ. Code §1788.30(b);

D. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §1788.30(c); and

E. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: June 13, 2016

By: */s/ Stuart Price*
Stuart Price, Esq.
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-907-2030
stuart@pricelawgroup.com
Attorney for Plaintiff